United States District Court
Southern District of Texas
ENTERED

MAR 0 7 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **MERRILL LYNCH, PIERCE, FENNER & SMITH INC.,** | § § § § | |
| Plaintiff, | § § | |
| v. | § | NO. C-00-64 |
| **VERONICA CLARK,** | § § § | |
| Defendant. | § § | |

## ORDER

AND NOW, this ___ day of March, 2000, upon consideration of the Complaint and Motion of Plaintiff Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"), and having determined that:

1.  Under Rule 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, Merrill Lynch has the right to seek interim injunctive relief pending an arbitration hearing before a panel of duly appointed arbitrators;

2.  The rights of Merrill Lynch with respect to its property, proprietary and confidential information, competitive interests, and agreements with Defendant Veronica Clark ("Defendant") ~~are being and will continue to~~ would be violated by Defendant unless Defendant is restrained therefrom;

3.  Merrill Lynch will suffer irreparable harm and loss if Defendant is permitted to (a) convert the property of Merrill Lynch to Defendant's own personal use and benefit, and that of Defendant's new employer, First Union Securities, Inc. ("First Union") and (b) solicit Merrill Lynch accounts, clients, and customers;

4. Merrill Lynch has no adequate remedy at law;

5. Greater injury will be inflicted upon Merrill Lynch by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Preliminary Injunction issue immediately and that security in the amount of $1,000.00 be posted no later than the 10th day of March, 2000;

2. Defendant is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, representative, and/or employee of Defendant's new employer, First Union, until further Order of this Court, from:

(a) soliciting or re-soliciting any client of Merrill Lynch whom Defendant served, whose name became known to Defendant while in the employ of Merrill Lynch, or whose customer information Defendant had access to while employed at Merrill Lynch (excluding members of Defendant's immediate family);

b) using, disclosing, or transmitting, including for the purpose of contacting said customers, any information contained in the records of Merrill Lynch, including the names, addresses, and financial information of said clients.

3. Defendant, and anyone acting in active concert or participation with Defendant who receives actual notice of this Order, including any agent, employer, officer or representative of First Union, are further ordered to return to Merrill Lynch any and all information pertaining to Merrill Lynch customers whether in original, copied, computerized, handwritten or any other form, and purge any said information from their possession, custody, or control, with 24 hours of service upon Defendant of this Order.

4. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration

2

Act, 9 U.S.C. §§ 3-4, the parties are directed to commence and proceed with arbitration in accordance with section 10335(g) of the National Association of Securities Dealers Code of Arbitration.

FOR MERRILL LYNCH, PIERCE, FENNER & SMITH INC.

By: _____
_____, ESQ.
COUNSEL FOR MERRILL LYNCH,
PIERCE, FENNER & SMITH INC.
13713000

FOR VERONICA CLARK

By: _____
_____, ESQ.
COUNSEL FOR VERONICA CLARK

_____
VERONICA CLARK


BY THE COURT:

_____
United States District Judge

3